(20 App. Div. 635.)

REIFFELD v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO.

(Supreme Court, Appellate Division, Third Department. September 21, 1897.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—IMMATERIAL ISSUE.

> Where the only issue presented to the jury in an action by a passenger for wrongful expulsion from a train was whether, after the conductor had rejected plaintiff's ticket as not good, the latter tendered the requisite fare, it was error to grant defendant a new trial upon newly-discovered evidence relating solely to the validity of the ticket, and furnishing merely additional contradiction of plaintiff's statement as to where and when he purchased it.

Appeal from special term, Rensselaer county.

Action by Isaac Reiffeld against the president, managers, and company of the Delaware & Hudson Canal Company, to recover for wrongful ejectment from defendant's train. From an order granting defendant a new trial upon newly-discovered evidence, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Gurdon G. Shrauder, for appellant.

R. A. Parmenter, for respondent.

PER CURIAM. It appears from the record in this case that the plaintiff bases his right to recover upon the ground that the conductor of the defendant's train unlawfully ejected him from the car after he had tendered the proper fare from East Albany to Troy. He testified that when, after leaving East Albany, the conductor rejected the ticket as not good, he (plaintiff) took out 25 cents, and asked him to take the fare of 20 cents out of that; that the conductor refused to do so, and, notwithstanding such tender, put him off. The witnesses called to corroborate plaintiff tell substantially the same story. The conductor denied that plaintiff tendered any money. And such was the issue which the court presented to the jury. The jury were told by the court, in substance, that if the plaintiff refused to pay his fare, the conductor had the right to put him off, using no unnecessary violence or risk in doing so. If he did tender the 25 cents, then he was unlawfully put off. The question as to the validity of the ticket, or where or when plaintiff purchased it, was not presented to the jury in any form. It is manifest, then, that such question was quite immaterial to the real issue upon which this case was decided. The newly-discovered evidence of both

Taylor and Hessberg relates only to the question as to the validity of the ticket, and where it was purchased. It tends to contradict the testimony of the plaintiff that he purchased the ticket in Albany, a day or so before he attempted to use it; but it has no bearing whatever upon the question whether he tendered the 25 cents to the conductor after such ticket was rejected. The newly-discovered evidence, therefore, does not bear directly upon the question which was submitted to the jury in this case. It does not tend to strengthen the defendant's position upon that question, and there is no reason to suppose that it would change the result were the jury again called upon to decide that same question with the additional evidence before them. It is true that it is an additional contradiction of the plaintiff's testimony as to when and where he purchased the ticket, and to this extent may be said to be evidence tending to impeach him. But there are already in the case at least two witnesses who directly contradict his statement in that regard, and the addition of two more upon such question is not only cumulative, but it also bears so indirectly upon the issue that it can hardly be expected to change the result. O'Harra v. Railroad Co., 92 Hun, 56, 36 N. Y. Supp. 567; Todd v. Eighmie, 10 App. Div. 142, 41 N. Y. Supp. 1013. The suggestion of general bad character and a lack of veracity on the plaintiff's part is met by numerous affidavits of his acquaintances to the contrary, and we are satisfied that the newly-discovered evidence is not of such a character, within the well-settled rules above cited, to warrant the granting of a new trial in this case.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion for new trial denied, with $10 costs.